**In Colorado Federal District Court**
**United States of America**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*9:36 am, Apr 07, 2025*
**JEFFREY P. COLWELL, CLERK**

Plaintiff
KATE CULLUM STRATEGY & DESIGN LTD,
A NEW ZEALAND CORPORATION

v.

Defendant(s).
PALANTIR, INC PETER THIEL
A COLORADO CORPORATION

NOTICE OF CRIMINAL PROCEEDINGS
PALANTIR V KATE CULLUM STRATEGY & DESIGN

Case Number 24-cv-00154
Date: 7 April 2025

*Motion: Reopen and Seal Official Information*

## MOTION TO REOPEN AND SEAL CONFIDENTIAL GOVERNMENT INFORMATION

**Pursuant to the New Zealand Official Information Act and Fed. R. Civ. P. 26(c))**

Plaintiff, Kate Cullum, requests this Court, Judge Babcock, for an order reopening cv00154 and sealing confidential government information obtained under New Zealand's Official Information Act (OIA), and in support thereof, states the following:

### I.  INTRODUCTION

Plaintiff has obtained, in the last month, critical new government information authorized by New Zealand officials pursuant to the New Zealand Official Information Act (OIA). This new government information is critical in fundamentally changing the underlying issues in this case to unravel what has taken place in new evidence and new information. Pursuant to Federal Rule of Civil Procedure 60(b)(2), Plaintiff seeks to reopen the case based on this newly discovered evidence and according to Rule 26(c) requires the sealing of sensitive governmental documents to preserve due process and prevent harm to the Plaintiff and the New Zealand Government.

Plaintiff faces an exceptionally unjustified situation due to the Court's denial of counsel in the prior premature, wrongful, and prejudicial publication by this Court. Additionally, the new information will clarify why the New Zealand Government and its agencies are unable to file legal motions before this Court.

The materials obtained through the OIA include internal government communications and records deemed sensitive under New Zealand law. Their disclosure could compromise protected privacy interests, national security considerations, commercial interests, and international diplomatic relations. Additionally, release of this information would result in continued serious and irreparable wrongful harm to the Plaintiff, who was unable to formally file in the emergency situation that should have been referred back to the New Zealand Police for proper handling. Plaintiff is thus confronted with significant procedural and jurisdictional complications in the Colorado District Court, particularly regarding issues of jurisdiction and judicial comity.

### II  GROUNDS FOR REOPENING

Under Fed. R. Civ. P. 60(b)(2), a party may seek to reopen a case based on newly discovered evidence that could not have been discovered with reasonable diligence before. In this case, a substantive error in misclassifying the case occurred and a premature judgment were issued, in which the Colorado Court failed to consult the relevant New Zealand authorities during due process to obtain this critical information. This failure to consult deprived both the Plaintiff and the New Zealand Government of due process, significantly undermining the fairness of the proceedings and placing the Plaintiff in a further victimized position. In light of the emergence of this critical new official information, it is imperative that the Court reopen the case. Due to the lack of consultation with New Zealand authorities upon the informal filing or alerting the Court to the emergency situation, the Plaintiff was deprived of essential evidence. This evidence now fundamentally alters the underlying issues in the case—issues that should never have been adjudicated in the first place.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may reopen a case for:

1. Newly discovered evidence that could not have been previously discovered with reasonable diligence (the Court did not consult New Zealand authorities)

2. The Plaintiff is now in possession of official government information that was not previously available, which, if considered, would alter the Court's ruling.

As a result of the newly discovered evidence, the Plaintiff requests that the Court reopen the case to allow for proper review.

### III. BASIS FOR SEALING

Fed. R. Civ. P. 26(c) permits a court to issue protective orders to shield sensitive documents from disclosure. The documents at issue fall within recognized confidentiality protections under both New Zealand law and international norms. They include:

- Sensitive diplomatic, national security or law enforcement material;
- Private and commercially sensitive communications;
- Internal government deliberations and private data;
- Personal information protected by international privacy laws.

Disclosure of these documents could cause:

- The exposure of sensitive governmental policies or intelligence sources;
- The inadvertent release of private personal and commercially sensitive information;
- Undue harm to the ongoing work or operations of governmental bodies;
- Further wrongful harm and prejudice to the plaintiff;

These matters underpin the urgent need to seal all records to preserve due process, uphold the rights to properly obtain official information, and ensure that the proper officials bring matters properly before the court, if necessary, to safeguard the human, procedural, and legal rights of all parties involved.

### IV. LEGAL STANDARD

Under Fed. R. Civ. P. 26(c) and 5 U.S.C. § 552(b), the Court has the discretion to issue protective orders to prevent disclosure of sensitive information. Sealing these documents is necessary to avoid harm to the parties involved and ensure the proper handling of sensitive materials.

### V. REQUEST FOR RELIEF

Plaintiff requests that:

1. **Reopen** the case to allow for consideration of the newly obtained OIA documents and the critical information contained therein.

2. The newly obtained documents be **sealed immediately and permanently** to preserve the sensitive nature of the issues raised and prevent further harm to the Plaintiff and New Zealand Government.

### VI. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court issue an order reopening the case and sealing the confidential government information as permitted under Rule 60(b) and Rule 26(c).

Regards,
Dated: 7 April 2025

**KATE CULLUM**
*Pro Se Plaintiff*